1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

CEDAR INVESTMENT
CORPORATION, a California
corporation,

        Plaintiff,

    vs.

ERIC WESTON, an individual; and
DOES 1 through 10, inclusive,

        Defendants.

Case No. 2:21-cv-00960-MCS-JC

[Hon. Mark C. Scarsi]

**JUDGMENT AND INJUNCTION
PURSUANT TO STIPULATION**

JUDGMENT AND INJUNCTION PURSUANT TO STIPULATION

1    Pursuant to the express terms of that certain Settlement Agreement and
2  Mutual General Release entered into by and between Plaintiff Cedar Investment
3  Corporation, a California corporation ("Cedar Investment") and Defendant Eric
4  Weston, an individual ("Weston"), dated effective as of October 18, 2021 (the
5  "Effective Date") JUDGMENT is hereby rendered in favor of Cedar Investment and
6  against Weston, as follows:
7         1.     Weston, his agents, servants, employees, officers, directors,
8  representatives, and all persons acting in concert with or for them, are permanently
9  enjoined from selling, distributing, marketing, conveying, transferring, or otherwise
10  making available to any other person copies of the motion picture entitled
11  "Evilspeak" (the "Picture"), or otherwise infringing Cedar Investment's copyright in
12  the Picture.
13         2.     Weston, his agents, servants, employees, officers, directors,
14  representatives, and all persons acting in concert with or for them are permanently
15  enjoined to deliver to Cedar Investment, within thirty (30) days of the Effective
16  Date, to the extent within any of their individual or collective possession, custody,
17  or control:  (i) all copies of the Picture, any screenplays or drafts thereof and/or any
18  sequels or other derivative works thereof; (ii) copies of all licensing, distribution,
19  and other agreements entered into by Weston with any third parties regarding the
20  Picture; and (iii) any other materials from which Weston could produce copies of
21  the Picture; and to certify under penalty of perjury that they have done so.
22         3.     Weston holds no right, title, or interest in any screenplays or drafts
23  thereof with respect to the Picture and/or any sequels or other derivative works
24  thereof; and has no right to past, present, or future credit or compensation with
25  respect to the Picture, including any moral or other rights available under the law of
26  any jurisdiction.
27         4.     Weston will pay to Cedar Investment, immediately as and when
28  received by him one hundred percent (100%) of any and all monies received by him

-2-

JUDGMENT AND INJUNCTION PURSUANT TO STIPULATION

1  or on his behalf on or after the Effective Date in connection with the exploitation of

2  the Picture, without reduction for any expenses, costs, or other allowances.  In

3  addition, Weston will immediately pay to Cedar Investment any and all monies

4  received by him between August 1, 2018, and the Effective Date, in connection with

5  the exploitation of the Picture, without reduction for any expenses, costs, or other

6  allowances, if he is still in possession of such funds as of the Effective Date or was

7  in possession of such funds on February 2, 2021.

8       The Court shall retain jurisdiction to construe, enforce, and implement this

9  Judgment and Injunction pursuant to Stipulation.

10  DATED: November 3, 2021

11  MARK C. SCARSI
     UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-
JUDGMENT AND INJUNCTION PURSUANT TO STIPULATION